IN THE DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| **BILL CLYBURN REALTY** | § | **CASE NO.**  3:21-cv-02947-MGL |
| *Plaintiff,* | § § § | |
| v. | § § | **COMPLAINT** |
| **AUTO-OWNERS INSURANCE COMPANY,** | § § § § | **JURY DEMAND** |
| *Defendants*. | § § | |

Plaintiff, complaining of the Defendant above-named, would respectfully show and allege unto this Honorable Court as follows:

1. That the Plaintiff is a real estate business located in the County of Kershaw, State of South Carolina.

2. That Defendant, AUTO-OWNERS INSURANCE COMPANY is an insurance corporation organized and existing pursuant to the laws of the State of Delaware, is registered to do business in the State of Nebraska and does business in writing insurance in the County of Kershaw, State of South Carolina.

3. That this is an action to recover damages for the losses suffered by the Plaintiff as a result of a contract executed by the Parties in Kershaw County and subsequently breached by the conduct of the Defendants. This Honorable Court has jurisdiction over the Parties and the subject matter of this action, and venue properly lies in this Honorable Court. The parties and subject matter herein contained are within the jurisdiction of this Court.

4. That at some point prior to and in effect on or about May 5, 2020, Bill Clyburn Realty ("Plaintiff") purchased an insurance policy, Policy Number 114616-36881402-19

(hereinafter "the policy"), from an agent at Thaxton Insurance Group that was issued by Auto-Owners Insurance Company. The policy insured the property located at 515 S. Hampton Street, Kershaw, South Carolina 29067 (hereinafter "the Property").

5.     That the Plaintiff paid monthly premiums to Defendant for the applicable insurance policy which was in force and effect on the date of the loss made the basis of this lawsuit, May 5, 2020. Defendants accepted payment of the premiums and agreed to provide coverage under the previously mentioned policy of insurance (Policy No.: 114616-36881402-19 from Auto-Owners Insurance Company).

6.     On or about May 5, 2020, Plaintiff's Property sustained damage as a result of a covered weather-related event, namely a windstorm with hail. The weather-related event caused significant damage to Plaintiff's roof.

7.     That the Plaintiff promptly and properly reported the property damage to Defendant, thereby complying with the requirements described in the policy.

8.     That the Plaintiff continuously communicated with representatives of the Defendant after the covered weather-related event about the damage sustained and losses incurred to Plaintiff's property as a result of same.

9.     That Plaintiff provided a true estimate of the projected cost of repair to the damage caused by the weather-related event to the Defendant.

10.    Defendant issued a denial of Plaintiff's claim on or about December 21, 2020.

11.    Defendant continues to deny the estimate provided by Plaintiff's retained contractor.

12.    Defendant refuses to pay a reasonable projected cost of repairs necessary as a result of the weather-related event described above.

13. Cost of material needed for the structural repair of the home have increased due to the delay caused by the Defendant.

14. Defendant is contractually required to fairly compensate Plaintiff for the losses they incurred as a result of the weather-related event described above.

15. Defendant has unreasonably delayed the adjustment of the Plaintiff's claim for necessary repairs and/or replacement to Plaintiff's damaged property as a result of the weather-related event described above. As of the date of this Complaint, Defendant has not agreed to pay anything for the claimed loss of contents.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

16. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 18, inclusive, as though fully set forth herein.

17. That the Defendant sold and issued a policy of homeowner's insurance to Plaintiff, Policy Number 114616-36881402-19. Plaintiff insured the Property located at 515 S Hampton Street, Kershaw, South Carolina 29067 with Auto-Owners Insurance Company.

18. After receiving coverage under the policy, paying all the required premiums for years, Plaintiff suffered a loss through a weather-related event to the insured Property, thereby triggering the benefits under the above-referenced mutually binding insurance contract.

19. That the Defendants have refused to pay for the damages Plaintiff has incurred from the damage to Plaintiff's Property.

20. That at all times relevant hereto, the insurance policy aforementioned was in full force and effect, all premium payments were current, and the Plaintiff complied with all conditions precedent to payment of benefits.

21. That the Plaintiff has timely submitted their claim to Defendant.

22. That the Plaintiff is informed and believes that Plaintiff is entitled to a judgment against the Defendant for the previously submitted claims and claims that still remain to be submitted which have been wrongfully refused together with interest from the date of bringing this action including attorney's fees for refusal to pay these claims without reasonable cause and in bad faith pursuant to Section 38-59-40 of the South Carolina Code of Laws, 1976 as amended.

### FOR A SECOND CAUSE OF ACTION
### (Bad Faith Refusal to Pay)

23. Plaintiff reiterates each and every allegation contained in paragraphs 1 through 25 of the Complaint as if stated herein verbatim.

24. That the Defendant has acted in bad faith and/or were unreasonable, reckless, willful, and wanton in one or more of the following particulars, to-wit:

   a. In unreasonably delaying payment of the Plaintiff's claims;

   b. In failing to communicate to the Plaintiff any reasonable justification for failing to honor the true value of the claims;

   c. In failing to attempt in good faith to effect a fair, prompt, and equitable settlement of the claims;

   d. In compelling the Plaintiff to institute a lawsuit to recover lawful benefits due under the aforementioned policy;

   e. In failing to fully investigate and review the claims and the true value associated with the losses;

  f. Throughout the course of dealings between the Plaintiff and the Defendant, in acting negligently, in bad faith, and in reckless disregard of the rights of the insured; and

  g. In breaching the implied covenant of good faith and fair dealing arising on the contract.

25. That as a proximate and direct result of the bad faith, recklessness and wantonness, the Plaintiff have been damaged, including, but not limited to, mental, physical and emotional distress created by the delay and the bad faith refusal of the Defendant to pay, the costs of hiring legal counsel to pursue the claim, the costs and expenses associated with bringing this action, and the loss of interest on the money owed by the Defendant due to their refusal to timely honor the claims.

26. That the Plaintiff are therefore informed and believe that they are entitled to judgment against the Defendant for loss and damage in a sum to be determined by this Court for both actual and punitive damages, attorney's fees, interest, and costs.

<u><b>FOR A THIRD CAUSE OF ACTION</b></u><br>
<b>(Violation of the Unfair Trade Practices Act)</b>

27. Plaintiff reiterates each and every allegation contained in paragraphs 1 through 29 of the Complaint as if state herein verbatim.

28. By the actions set forth above, Plaintiff is informed and believes that Defendant has engaged in unfair and deceptive acts in the conduct of their business that violates section 39-5-20, *et. seq*. of the South Carolina Code.

29. Plaintiff is further informed and believe that these actions adversely impacted the public interest. Plaintiff is informed and believes that these deceptive and unfair trade practices have a potential for repetition and impact the public interest.

30. As a result of Defendant's violations of the Unfair Trade Practices Act, Plaintiff has suffered damages in numerous and substantial ways, including debts incurred and the loss of moneys, mental anguish, and suffering.

31. That the Plaintiff is therefore informed and believe that they are entitled to judgment against the Defendant for loss and damage in a sum to be determined by this Court for both actual and punitive damages, attorney's fees, interest, and costs.

**WHEREFORE**, Plaintiff prays that the Court inquire into the matters alleged and:

1. Grant Plaintiff judgment against the Defendant jointly and severally for actual, consequential, and punitive damages based on the Defendant's actions;

2. for the costs of this action, for attorney's fees, if appropriate, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

SAVAGE, ROYALL & SHEHEEN, L.L.P.

s/Vincent A. Sheheen
Vincent A. Sheheen, Esq  Bar# 7016
Greg B. Collins, Esq  Bar # 10350
Attorneys for the Plaintiff
P.O. Drawer 10
Camden, S.C. 29021
(803) 432-4391

September 14, 2021